762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FREDERICK P. MILO, PLAINTIFF-APPELLANT,
v.
ARTHUR TATE, JR., DEFENDANT-APPELLEE.
 NO. 84-3639
 United States Court of Appeals, Sixth Circuit.
 4/18/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: KEITH and MARTIN, Circuit Judges; and DIGGS TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, Frederick Milo, was convicted of aggravated murder by an Ohio trial court. After an Ohio court of appeals affirmed the conviction, the Ohio Supreme Court denied leave to appeal and the United States Supreme Court denied certiorari. Milo then brought this habeas petition in federal court, alleging prosecutorial misconduct. A detailed opinion by Judge Holschuh, denying the writ of habeas corpus, makes it unnecessary for this court to consider the case in the same datail. We affirm.
 
 
 2
 The first issue, and the one more strongly pressed, is that the prosecutor improperly commented on Milo's failure to testify at trial. One of Milo's defenses was that he was not guilty by reason of insanity, and in support of that defense he presented in evidence a videotape of an interview he had with a psychiatrist. The prosecutor objected vigorously to the admission of the videotape, arguing that it was just an opportunity for Milo to present his story without testifying. The trial judge allowed the videotape in evidence, but cautioned the jury that Milo was not under oath or cross-examined in the interview. The prosecutor made these same points in cross-examination of the psychiatrist and in closing argument. The petitioner argues now, as he argued then, that the prosecutor thus meant to imply that Milo was guilty because he did not testify.
 
 
 3
 The test for improper prosecutorial comment is '[w]hether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' Bulter v. Rose, 686 F.2d 1163, 1170 (6th Cir. 1982) (en banc); see Hearn v. Mintzes, 708 F.2d 1072, 1076-77 (6th Cir. 1983). It is clear that the prosecutor in this case had a legitimate concern that the jury might give too much weight to Milo's videotaped interview and was only emphasizing the judge's instructions. So far from infringing on the petitioner's rights, he was properly carrying out his duty in doing so. See Porter v. Estelle, 709, F.2d 944, 959 (5th Cir. 1983), cert. denied, 104 S. Ct. 2367 (1984).
 
 
 4
 Petitioner also claims that the prosecutor attempted to use his trial lawyer as a witness against him. Certain comments made by the prosecutor in closing argument were clearly improper. As Judge Holschuh pointed out below, there were isolated comments, to which curative instructions were given, made in the face of overwhelming evidence of guilt, and made without contemporaneous objection. We therefore affirm on the basis of the district court's memorandum opinion.
 
 
 5
 The denial of the writ of habeas corpus is affirmed.
 
 
 
 *
 Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation